MATTHEW RIGHETTI, State Bar No. 121012
JOHN GLUGOSKI State Bar No. 191551
MICHAEL RIGHETTI State Bar No. 258541
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone:  (415) 983-0900 / Facsimile:  (415) 397-9005
Email: matt@righettilaw.com
Email: jglugoski@righettilaw.com
Email: mike@righettilaw.com

REUBEN D. NATHAN, State Bar No. 208436
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, CA 92101
Telephone:  619-272-7014/ Facsimile: 619.330.1819
Email: rnathan@nathanlawpractice.com

ATTORNEYS FOR CHUN PING TURNG

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUN PING TURNG, individually and on behalf of all others similarly situated, | Case No.: |
| | CLASS ACTION |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| v. | |
| GUARANTEED RATE, INC. And DOES 1 through 100, inclusive | 1. VIOLATION OF FLSA 2. VIOLATION OF CA LABOR CODE 3. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 |
| Defendants. | |

1
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1.     Comes the representative Plaintiff, CHUN PING TURNG and files this lawsuit against Defendant, Guaranteed Rate, Inc. for himself and all other similarly situated individuals, for legal relief to redress unlawful violations of Plaintiff' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the FLSA by Guaranteed Rate, Inc. (collectively, "Guaranteed Rate, Inc." and/or "Defendant") which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.  The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to both California law and § 216(b) of the FLSA.

## JURISDICTION AND VENUE

2.     Jurisdiction over Plaintiff' federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material herein, Defendants Guaranteed Rate, Inc. has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

4.     Jurisdiction over Plaintiff' state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff' federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

1
2
3
4
5
6
7
8
9
10

    5.    The Plaintiff was an employee for the Defendants, and brings this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of himself and all others similarly situated because of Defendants' unlawful deprivation of Plaintiff's rights to all wages owed.  Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq.*  Plaintiff also seeks relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiff and all others similarly situated for all wages owed.

11
12
13

    6.    Defendants are in the business of selling loans to consumers. Guaranteed Rate, Inc. operates its business throughout the country, including in the State of California.

14
15
16
17
18
19
20
21

    7.    The similarly situated individuals include loan originators, mortgage professionals, loan officers, and loan processors (and branch managers that perform similar functions) (hereinafter "Guaranteed Rate, Inc. Employees") who work for Guaranteed Rate, Inc..  The Guaranteed Rate, Inc. Employees are expected to sell Guaranteed Rate, Inc.'s products and services to customers in Guaranteed Rate, Inc.'s retail locations. Guaranteed Rate, Inc. Employees are not compensated by Defendant for all hours they worked, including, but not limited to proper overtime.

22
23
24
25
26
27
28

    8.    The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action").  The FLSA Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendants as loan officers, loan originators, mortgage professionals, loan processors, who worked during the period three years prior to the date that this lawsuit was filed through the date of judgment (hereinafter "the FLSA Employees").  The FLSA Action

seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

9.       Plaintiff also asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class").  The California Class Action is brought on behalf of all persons who have been, are and/or will be employed by Defendants in the position of loan officers, loan originators, mortgage professionals, loan processors in the State of California at any time during the period four years prior to the date that this lawsuit was filed, plus tolling for the LWDA exhaustion, through the date of judgment.  The California class has claims based upon the same unlawful business practice of not paying Guaranteed Rate, Inc. Employees, their wages and/or compensation for all hours worked as required under the applicable federal law, California law including the Labor Code, UCL, and Wage Orders.  The California class also has claims based upon the illegal and unlawful business practices of a) failing to pay the California class premium wages owed for overtime hours worked based on the legally required "regular rate" including any commission and/or bonus wage compensation.  Plaintiff is informed and believes, and based thereon alleges, that Guaranteed Rate, Inc. knew or should have known that Plaintiff and the other California class members were entitled to receive premium wages for overtime compensation based on a regular rate that includes commission and/or bonus wages and that neither Plaintiff nor the California class were receiving all minimum wages due and owing under the law for overtime hours worked, and b) failing to timely pay the California class all wages owed upon discharge or resignation.  Plaintiff and the other California class members did not receive payment of all wages, including overtime and

minimum wages, within any time permissible under California Labor Code section 204, and c) failing to provide Plaintiff and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law.  In addition, and on information and belief, Plaintiff and all similarly situated employees of Defendant, were regularly compelled to work off the clock in order to meet certain goals, to generate more sales, to prevent loss of clientele, and to not properly compensate Plaintiff and all other similarly situated employees for overtime wages. During this liability period, Plaintiff and other similarly situated employees received commissions and nondiscretionary bonuses as well as an hourly rate. There is a systemic miscalculation of the overtime rate for compensation, which is predicated on Plaintiff and all similarly situated employees' hourly rate and commissions/bonuses.  On information and belief, Plaintiff and all similarly situated employees assert that Defendants failed to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This miscalculation in failing to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating Plaintiff and all other similarly situated employees for overtime hours worked. Additionally, on information and belief, these commissions and bonuses were not always paid to Plaintiff and other similarly situated employees when earned or when due, thereby making Defendants liable for failing to timely pay commissions and bonuses (or at times at all) and to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation.  This failure to properly pay commissions and bonuses also led directly to Defendants undercompensating Plaintiff and other similarly situated employees for overtime hours worked.  Defendant's failure to pay Plaintiff and other similarly situated employees the unpaid balance of premium

overtime compensation violates the provisions of California Labor Code sections 510 and 1194, as well as IWC wage order 4-2001 and the Federal Labor Standards Act ("FLSA"), which serves a predicate violation of California Business and Professions Code section 17200, et seq.

10.    The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Guaranteed Rate, Inc. has terminated and who have not been timely paid all wages due to them upon termination of their employment, (iii) damages as permitted under California Labor Code Section 226, and (iv) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

11.    Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from the allegedly illegal conduct and for failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

12.    The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as loan officers, loan originators, mortgage professionals, loan processors (and branch managers that performed the same duties) who worked the first shift of any day in the United States during the period three years prior to the date that this lawsuit was filed through the date of judgment. Plaintiff is a citizen of the United States, and resides in the State of California.  At all times material herein, the named Plaintiff has been employed by Defendants, in one of the positions of loan originators, mortgage professionals, loan officers, and loan processors.  Plaintiff are identified in the caption of the

Complaint and have given their written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b).

13.     The California class is maintained on behalf of a class of past, present and future employees of Defendants who have been employed as loan originators, mortgage professionals, loan officers, and loan processors in the State of California at any time during the period four years prior to the date that this lawsuit was filed through the entry of judgment.

## THE PARTIES

14.     The named Plaintiff, Chun Ping Turng is a citizen of the United States residing in the state of California.  Plaintiff has standing to pursue the Third Claim for Relief under California Business and Professions Code Section 17200 on behalf of public interest.  Plaintiff is a former employee of Guaranteed Rate, Inc., who worked for Guaranteed Rate, Inc. from approximately December 2015 to May 2016.  He held the position of loan officer (otherwise referred to as mortgage professionals, loan originator, or branch manager designated to perform the duties) of Guaranteed Rate, Inc. During his employment with Guaranteed Rate, Inc., like other Guaranteed Rate, Inc. Employees, Plaintiff regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.  Plaintiff has not been paid all wages owed to them for all hours worked as required under the FLSA and California law.  Plaintiff has been injured by the illegal practices and conduct alleged in this complaint.  Plaintiff' claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

15.     On information and belief, Defendant Guaranteed Rate, Inc. is a corporation incorporated in the State of Kansas with its worldwide headquarters located at 3940 N Ravenswood, Chicago, Illinois 60613.  Guaranteed Rate, Inc. is

qualified to and does do business in the State of California and nationwide.

16.    Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of and its employment practices applicable to Plaintiff and the alleged class.

17.    Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

19.    At all times material to this action Defendants have been an "employer" of the named Plaintiff, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

20.    The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

21.    Members of the California class are so numerous that joinder of all such members is impracticable.  Although the exact size of the California class is unknown, it is believed and alleged that the number of persons currently employed as loan originators, mortgage professionals, loan officers, loan processors by Guaranteed Rate, Inc. in the State of California number more than 50, and over the past four years, it is believed and alleged that Guaranteed Rate, Inc. has employed more than 1,000 persons as loan originators, mortgage professionals, loan officers, loan processors in the United States, including the State of California.   The number of current and former California-based employees of Guaranteed Rate, Inc. is so numerous that joinder is impracticable if not impossible.

22.    There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include Defendant's policy and practice of Defendant's systemic failure to include proper premium overtime calculations for weeks where commission and/or bonus is earned; whether all wages were timely paid to employees upon termination of

COMPLAINT

employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

23.     The prosecution of separate actions by the California sub-class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

24.     Plaintiff will fairly and adequately protect the interests of the California class because they and their counsel possess the requisite resources and abilities to prosecute this case as a class action.

25.     The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

26.     The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

a.     Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

b.     Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California class. (Fed.R.Civ.P. 23(b)(3)(B).)

c.     It is desirable to concentrate the litigation of the claims in this Court because Guaranteed Rate, Inc. does a substantial amount of business in this district;

d.     This action is manageable as a class action because, compared

9
COMPLAINT

to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

27.     Plaintiff contemplates providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

28.     Plaintiff also contemplates providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

## FIRST CLAIM FOR RELIEF FOR VIOLATION
## OF THE FAIR LABOR STANDARDS ACTION OF 1938
### (On Behalf of the FLSA Employees As Against Defendant)

29.     Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 28, above except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

30.     The FLSA regulates, among other things, the payment of overtime pay by employers. 29 U.S.C. § 207(a)(1).

31.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of

forty (40) hours. Guaranteed Rate, Inc. is, and was, subject to this requirement to pay Guaranteed Rate, Inc. Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Commissions and bonus pay earned by Guaranteed Rate, Inc. Employees should be evaluated in determining the regular rate of pay and overtime rate of pay.   Defendants violated the FLSA by failing to pay Guaranteed Rate, Inc. Employees for overtime for all hours worked.

32.   The persons employed by Defendants as Guaranteed Rate, Inc. Employees in the United States regularly, and as a matter of policy and practice, worked and do work hours in which they are not paid overtime according the law. Specifically, Defendant's company-wide policy does not pay its Guaranteed Rate, Inc. Employees overtime using the correct calculation methodology for the hours worked overtime.  Guaranteed Rate, Inc. Employees frequently work in excess of forty (40) hours in a workweek, but Defendants do not pay Guaranteed Rate, Inc. Employees for overtime wages based on the correct regular and/or overtime rate. As a result, Defendants have deprived Plaintiff and the other Guaranteed Rate, Inc. Employees of wages earned by not paying the Guaranteed Rate, Inc. Employees for all hours worked and not paying them premium wages owed for overtime hours worked which is based on the commissions earned during a particular pay period.

33.   Guaranteed Rate, Inc.'s violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

34.    The employment and work records for the Plaintiff are in the exclusive possession, custody and control of Defendants and Plaintiff are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## SECOND CLAIM FOR RELIEF FOR VIOLATIONS
## OF CALIFORNIA LAW
### (On Behalf of the California Class Only)

35.    Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 34 above, excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

36.    The Guaranteed Rate, Inc. Employees employed by Defendant are subject to the terms and conditions of the California Labor Code and California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

37.    The persons employed by Defendants as Guaranteed Rate, Inc. Employees in the State of California regularly, and as a matter of policy and practice, worked and do work hours, the employees identified herein frequently work in excess of forty (40) hours in a workweek, and/or in excess of eight (8) hours in a day entitling them to payment of daily and weekly overtime pay under California Wage Orders and the California Labor Code. Defendant has failed to pay these persons all wages owed for all hours worked including correctly calculated premium overtime pay to which they are entitled, thereby violating California law.  This is in violation of California Labor Code sections 1194, 1198 and 510 and the Industrial Welfare Commission ("IWC") Wage Order applicable to Defendants' business. Also during the relevant time period, Guaranteed Rate, Inc. intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other class members due to a miscalculation of the

"overtime rate" by not including Guaranteed Rate, Inc. Employees' commissions and/or bonuses earned during a particular pay period, which should be calculated in order to determine the regular rate. Plaintiff and the other California class members are entitled to recover the unpaid balance of their minimum wages owed and/or overtime wages as well as interest, costs, and attorney's fees.

38.    Guaranteed Rate, Inc. does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Guaranteed Rate, Inc. fails to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a).

39.    California Labor Code Section 226(e) provides:  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."  Plaintiff and the California class members suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Guaranteed Rate, Inc.'s failure to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a), Plaintiff and the California class could not "promptly and easily determine" from the wage statement alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

40.    During the class period, Guaranteed Rate, Inc. failed to provide Plaintiff and the California class members with timely and accurate wage and hour statements showing gross wages earned, net wages earned, overtime pay, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

41.    As alleged herein, Plaintiff and the California class members are/were not exempt from the requirements of California's labor laws and regulations.  Plaintiff and the California class members were and will be injured by Guaranteed Rate, Inc.'s failure to comply with the aforementioned requirements for time records and wage statements.

42. Based on Guaranteed Rate, Inc.'s conduct as alleged herein, Defendants are liable to Plaintiff and the California class members for damages for each labor code violation, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

43. The California class is entitled to receive the unpaid wages due them under California law. In addition, the California class is entitled to recover interest on the amount of unpaid wage pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Guaranteed Rate, Inc. Employees in the State of California whose employment with Defendants has terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

## THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

### (On Behalf of the California Class Only)

44. Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 43, above except those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

45. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

46. Defendants have engaged in, and continue to engage in the unlawful, unfair and fraudulent business practices alleged hereinabove in violation of Section 17200 of the California Business and Professions Code.

47.    These challenged policies and practices have harmed the named Plaintiff, the members of the California class and the general public.

48.    As a result of these unlawful policies and practices, Plaintiff are entitled to an injunction issue against Defendants, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices. Plaintiff also are entitled to an order requiring Defendants to provide restitution to all persons who have suffered losses or injury as a result of these unlawful business practices, including but not limited to all Guaranteed Rate, Inc. Employees employed in California during the applicable limitations period.

49.    Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure Section1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.    Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2.    Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

3.    For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4.    For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5.    For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory

damages for violation of California Labor Code Section 226 owed to the California class under California law;

6.      For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

7.      For mandatory penalties in an amount subject to the discretion of the Court pursuant to the Private Attorneys General Act of 2004.

8.      For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and the PAGA.

9.      For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

10.     For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein; and

11.     Grant such other legal and equitable relief as may be just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: May 4, 2018                    NATHAN & ASSOCIATES, APC

                                      */s Reuben D. Nathan*
                                      Reuben D. Nathan, Esq.
                                      Attorney for Plaintiff,
                                      Chun Ping Turng