UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHUN PING TURNG,

Plaintiff,

v.

GUARANTEED RATE, INC.,

Defendant.

Case No. 18-cv-02642-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Docket No. 38

On January 17, 2019, the Court granted a motion to compel arbitration in this matter. In the Court's order, it held that the arbitration clause at issue had a small degree of procedural unconscionability related to the adhesive nature of the employment contract. The Court also held that the contract had three substantively unconscionable provisions: the choice of law provision, the exemption to arbitration for all claims for equitable or injunctive relief, and the exemption for all claims (legal or equitable) arising from a non-solicitation violation. The Court found that severing these three provisions was appropriate to maintain the contracting parties' intention to arbitrate. Plaintiff Turng now seeks leave from the Court to file a motion for reconsideration. For the reasons stated herein, the Court **DENIES** Turng's motion.

## I. LEGAL STANDARD

Local Rule 7-9 requires that a party must seek leave from the Court to file a motion for reconsideration. N.D. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" and establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the

> Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b).

Turng argues that the Court failed to consider material facts and dispositive legal arguments.

A. Section V(e)

The Court did not fail to consider material facts or dispositive legal arguments. To the extent it did not make its position clear enough to Turng, the Court clarifies its holding with respect to Section V(e).

Turng challenges the mutuality of Section V(e). She argues this provision is a judicial carve out for "all the types of claims that a Defendant could conceivably bring against an employee." Mot. at 1 n. 2. The relevant provision states:

> V. YOUR CONFIDENTIALITY OBLIGATIONS; NON-SOLICITATION . . .
>
> (e) Enforcement; Remedies
>
> You covenant, agree and recognize that because the breach or threatened breach of the covenants, or any of them, contained in Section V hereof will result in immediate and irreparable injury to the Company, the Company shall be entitled to an injunction restraining you from any violation of the covenants and agreements contained in this Section V to the fullest extent allowed by law. Nothing herein shall be construed as prohibiting the Company, and its respective successors and assigns, from pursuing all legal or equitable remedies that may be available to them for any such breach, including the recovery of damages from you.

Docket No. 18-2 at 11. This is not an explicit exemption from arbitration. Arbitrators can issue injunctive relief, and Section V authorizes such relief. Further, the language of Section V contrasts with explicit *exemptions* from arbitration under Section VII of the agreement. Although, as this Court held in its prior order, Section VII is substantively unconscionable, that



United States District Court
Northern District of California

unconscionability stems from the non-mutuality created by Section VII, not Section V(e). Hence, Section V(e), itself, is not substantively unconscionable.

B. Inability to Sever

1. Severing Multiple Provisions

Turng repeats the same argument in its original motion that the Court cannot sever multiple unconscionable provisions. The Court considered and rejected this argument. Local Rule 7-9(c) prohibits repeating the same argument. N.D. Cal. L.R. 7-9(c). Nevertheless, she argues that the First District Court of Appeal's decision in *Ramos v. Superior Court* stands for the proposition that "severance of multiple unconscionable provisions contained in an Arbitration Agreement was not permissible . . . ." Mot. at 1. This is not a new intervening case. In any event, Turng mischaracterizes *Ramos*. *See Ramos v. Superior Court*, 28 Cal. App. 5th 1042, 1069 n. 14 (Ct. App. 2018), *as modified* (Nov. 28, 2018), *review denied* (Feb. 13, 2019) (finding that "The fact that the arbitration agreement contains four unlawful provisions also weighs against severance" but not recognizing a per se rule that courts may not sever a multiple unconscionable provisions.). Further, the Ninth Circuit has rejected the argument that more than one unconscionable provision renders an arbitration agreement per se unseverable. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1273 (9th Cir. 2017) ("Poublon argues that an agreement is necessarily permeated by unconscionability if more than one clause in the agreement is unconscionable or illegal. We disagree; California courts have not adopted such a per se rule."). For these reasons, the Court rejects this argument.

2. Severing Non-Mutual Provisions

Turng also contends that the Court erred by severing the non-mutual provisions in the arbitration clause. Turng previously advanced this argument, and the Court considered and rejected her argument. This is not a proper basis for reconsideration. In any event, this position is inconsistent with the Ninth Circuit case law which has recognized that courts may sever judicial carve-outs. *See Poublon*, 846 F.3d at 1273 (finding it appropriate to sever a non-mutual provision because the "provision can be extirpated without affecting the remainder of the paragraph and is 'collateral to the main purpose of the contract,' which is to require arbitration of disputes."). For

this reason, the Court finds that Turng is not entitled to reconsideration on this basis.

C. Bad Faith

Turng also makes the argument that the Court failed to engage in a bad faith analysis with respect to its decision to sever the unconscionable provisions. Mot. at 16–18. Turng did not previously present this argument in its opposition. A motion for reconsideration is not the place for new arguments not previously raised in the original briefing. *See Whalen v. Ford Motor Co.*, No. 13-CV-03072-EMC, 2018 WL 6069812, at *1 (N.D. Cal. Nov. 20, 2018) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)). Further, she has failed to show that either "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" or "[t]he emergence of new material facts or a change of law occurring after the time of such order" warrant that the Court reconsider is prior decision. N.D. Civ. L.R. 7-9(b). For this reason, the Court finds Turng is not entitled to relief on this basis.

## II. CONCLUSION

The Court **DENIES** Turng's request for leave to file a motion for reconsideration. This order disposes of Docket No. 38.

**IT IS SO ORDERED**.

Dated: March 27, 2019

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California